# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| VASILY A. VECHIRKO and LILIYA VECHIRKO, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>RECONTRUST COMPANY, N.A., BAC HOME LOAN SERVICING, LP AND FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendant. | CASE NO. C11-5453RJB<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint. Dkt. 9 (refiled at Dkt. 11-1). The Court has reviewed the pleadings filed regarding the motion, the remaining record, and is fully advised.

## I.  FACTS AND PROCEDRUAL BACKGROUND

A. **BASIC FACTS**

On June 10, 2011, this case was removed to federal court from Clark County Superior Court based on diversity jurisdiction. Dkt. 1. The case, originally filed May 11, 2011, involves a note and deed of trust related to real property located in Battle Ground, Washington. Dkt. 2-1, at 12. Plaintiffs' allege in their Complaint that after they received a Notice of Default and Notice of Trustee's sale, they requested a loan modification and sent all the loan modification request

paperwork to Defendant BAC Home Loan[s] Servicing, LP ("BAC"). *Id.* Plaintiffs assert that they requested that the trustee's sale be delayed until after BAC made a decision about the modification. *Id.* Plaintiffs allege that "BAC represented that the sale had been put on hold." *Id.* Plaintiffs state that they "reviewed the online listing of sales and confirmed that the property had been removed from the sale list." *Id.* Plaintiffs allege that despite the assurances they received, the property was sold at the trustee's sale, as scheduled, on February 18, 2011. *Id.* Plaintiffs assert a single claim for relief: rescission of the trustee's sale which occurred on February 18, 2011. *Id.*

### B. PROCEDURAL BACKGROUND

On June 17, 2011, Defendants filed the instant motion to dismiss Plaintiffs' Complaint. Dkt. 11-1. The motion to dismiss was noted for July 15, 2011. *Id.* On July 15, 2011, the Court noted that the attorney that signed the Complaint, John T. Gibbon, had not been admitted to practice in this Court and had not registered for mandatory electronic filing despite the Clerk of the Court's efforts to help him do so. Dkt. 13. Further, at that date, no response had been filed to the Defendants' motion. *Id.* The Court notified the Plaintiffs that "if counsel does not enter a Notice of Appearance, after the attorney is admitted to practice in this court, they will be proceeding *pro se*, that is, on their own behalf, in these proceedings." *Id.* Plaintiffs were informed that if they proceed *pro se*, "they must comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Washington." *Id.* Defendants' Motion to Dismiss Plaintiffs' Complaint was renoted to August 5, 2011. *Id.* To date no Notice of Appearance has been filed.

ORDER ON DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT- 2

## II. **DISCUSSION**

### A. MOTION TO DISMISS STANDARD

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

### B. DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss Plaintiffs' Complaint arguing that: 1) rescission is an equitable remedy, not a cause of action, and Plaintiffs plead no viable basis to entitle them to rescission, 2) the Deed of Trust Plaintiffs executed granted Defendants the right to foreclose in the event of default, regardless of modification activities, 3) Plaintiffs' claim is waived because the property has already been sold, and 4) to the extent that Plaintiffs attempt to allege fraud, the claim is legally and factually unsupported. Dkt. 11-1. Plaintiffs have not responded to the motion to dismiss.

Western District of Washington Local Rule of Civil Procedure 7 (b)(2) provides that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the Court as an admission that the motion has merit."

Defendants' Motion to Dismiss Plaintiffs' Complaint (Dkt. 9 refiled as 11-1) should be granted and Plaintiffs' Complaint dismissed without prejudice. First, pursuant to Local Rule 7 (b)(2), the Court should construe Plaintiffs' failure to respond as an admission that the motion has merit. Second, generally, under the Washington Deed of Trust Act ("DTA"), a "party waives the right to postsale remedies where the party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Brown v. Household Realty Corp.*, 146 Wash. App. 157, 163 (2008) (*citing Plein v. Lackey*, 149 Wash.2d 214, 227-29 (2003). The Complaint does not indicate that Plaintiffs made any effort to obtain a court order to enjoin the sale, despite the fact that they knew of the sale and their "defense" before the sale.

Third, to the extent that Plaintiffs assert a claim under the DTA for fraud, violations of the consumer protection act, and failure by the trustee to materially comply with the DTA, the claim is not waived for their failure to bring an action to enjoin the sale. RCW 61.24.127(1)(a)-(c). Even liberally construing the Complaint, as the Court is bound to do, Plaintiffs' Complaint should be dismissed without prejudice. To the extent Plaintiffs allege a claim for fraud, they have failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b). Plaintiffs have failed to plead a claim for violation of the consumer protection act or failure by the trustee to materially comply with the DTA. Further, as to these "non-waived claims" under the DTA, "the claim may not seek any remedy at law or in equity other than monetary damages." RCW

61.24.127(2)(b). Plaintiffs here do not seek monetary damages, but rescission of the trustee's sale. This Complaint should be dismissed without prejudice.

### III. ORDER

Accordingly, it is **ORDERED** that:

- Defendants' Motion to Dismiss Plaintiffs' Complaint (Dkt. 9, refilled as 11-1) is **GRANTED**; and

- Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, and to Mr. John T. Gibbon, Attorney at Law, 13425 SW 72nd Avenue, Tigard, Oregon 97223. Mr. Gibbon is **ORDERED** to send a copy of this Order to Plaintiffs.

Dated this 10th day of August, 2011

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge